UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES T. GENTRY, ET AL.,

    Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, ET AL.,

    Defendants.

_____/

Case No. 13-11651

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MICHAEL J.
HLUCHANIUK

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [26]**

On June 16, 2014, the Court held a hearing on Defendants' Motion to Dismiss [2] and Plaintiffs' Motion to Amend Complaint [21]. At the hearing, the Court held that Plaintiffs lacked standing to contest the foreclosure of their home due to the expiration of the statutory redemption period. The Court further held that Plaintiffs had not alleged sufficient irregularity in the foreclosure process to invoke an exception to this rule. On June 17, 2014, the Court issued an Order Granting Defendants' Motion to Dismiss and Denying Plaintiffs' Motion to

Amend Complaint [24]. The Court entered a Judgment [25] the same day. On July 14, 2014, Plaintiffs filed a Motion for Reconsideration [26].

"A district court may alter or amend a judgment under [Federal Rule of Civil Procedure] 59(e) to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice." *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).[1] "Generally … the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LOCAL RULE 7.1(h)(3).

Plaintiffs argue that the Court "ignored" Plaintiffs' arguments concerning an irregularity in the foreclosure procedure: namely, the foreclosing entity's lack of standing to foreclose. Relatedly, Plaintiffs assert that the Court "failed to review or apply" the Sixth Circuit's decision in *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453 (6th Cir. 2013), which Plaintiffs cite for the proposition that a party lacks

---

[1] Plaintiffs also cite Federal Rule of Civil Procedure 52(b) as authority for their motion for reconsideration. The Court considers the motion more properly brought under Rule 59(e). In any case, the Court's reasons for denying the motion under Rule 59(e) also suffice under Rule 52(b). *See Besser v. Sepanak*, 478 Fed. App'x 1001, 1001-02 (6th Cir. Sept. 20, 2012) (unpublished) ("Because the district court did not abuse its discretion in denying Besser's Rule 59(e) motion, it did not abuse its discretion in denying his Rule 52(b) motion or his Rule 60(b) motion.") (internal citations omitted).

2

standing to foreclose if it is not entitled to collect a debt.[2] However, Plaintiffs presented these arguments in their Complaint [1] (citing *Glazer*), in their Response to Defendants' Motion to Dismiss [6], and at the hearing. The Court did not ignore the arguments. Indeed, at the hearing, the Court confirmed with Plaintiffs' counsel that "the impropriety alleged … is that [Wells Fargo] was trying to collect on a debt that was no longer owed because they had been paid by Freddie Mac." For the reasons stated by the Court when it previously rejected Plaintiffs' arguments, the Court now finds the arguments insufficient to warrant alteration or amendment of the judgment under Rule 59(e). *See* E.D. MICH. LOCAL RULE 7.1(h)(3). Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration [26] is **DENIED**.

**SO ORDERED**.

Dated:  March 12, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

---

[2] The Sixth Circuit held in *Glazer* that foreclosure is debt collection under the Fair Debt Collection Practices Act (FDCPA)—in other words, that the Act's requirements apply to those engaged in foreclosure who otherwise meet the Act's definition of "debt collector." 704 F.3d at 464. The court did not directly address the issue of standing to foreclose.

3